# ECF TRANSCRIPTION SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:       (212) 805-7933
Telephone No.: (212) 805-0036

Dated: __October 20, 2009__                          Total Number of Pages: __4__

## TRANSCRIPTION OF MEMO ENDORSED ORDER

Intervention granted for the limited purpose of obtaining access to information pursuant to the Confidentiality Order. If further intervention is desired, file a more formal application.

Copies to:    Saul E. Feder, Esq. (Fax)
              Judge Victor Marrero

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:  October 20, 2009                        Total Number of Pages: 5

| TO | FAX NUMBER |
|---|---|
| Saul E. Feder, Esq. | 212-964-9516 |
|  |  |
|  |  |



LAW OFFICES OF
**REGOSIN, EDWARDS, STONE & FEDER**
225 BROADWAY
NEW YORK, N.Y. 10007

DAVID REGOSIN
PAUL J. EDWARDS
ROBERT H. STONE
RAUL E. FEDER
ADAM H. STONE

RECEIVED
OCT 19 2009
CHAMBERS OF
ANDREW J. PECK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 10/20/09

October 19, 2009

Hon. Andrew J. Peck
United States District Court
Chief Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1370
New York, New York 10007
Sent by Fax to: (212) 805-7933

## MEMO ENDORSED

Re: Natural Gas Commodity Litigation
   New York Southern District Court File No.: 03 CV 6186(VM)(AJP)
   Hon. Victor Marrero, USDJ
   Chief Magistrate Judge Andrew Peck

Dear Hon. Judge Peck:

This office represents Settlement Class Member Mark Nordlicht who was assigned Settlement Class Member Claimant No. 600195 in the above matter in connection with his loss of approximately $16,000,000.00.

For the past period of more than three years I have been in correspondence with Plaintiffs' counsels and with Tom Fauscher of the Administrator's office, in Mark Nordlicht's behalf, and they have all acknowledged my representation of Mark Nordlicht for the past three years.

In fact,- on June 4, 2007 I received responsive correspondence from Christopher Lovell of Lovell, Stewart, Halebian, LLP confirming that they "anticipate having a draft of the Plan of Allocation by the end of July...", and that they agreed therein that they "will provide you (me) with a draft of the Plan of Allocation before it is submitted to the Court."

With that agreed cooperation in hand, I did not move to Intervene in Mark Nordlicht's behalf,- because I believed that I had virtual intervention status from the agreement reached with Lovell, Stewart, Halebian, LLP.

Unfortunately,- notwithstanding numerous correspondence, conversations and follow up,- I was not allowed any input into the proposed Plan of Allocation as it was being negotiated, nor prior to it being submitted to the Court,- despite the aforesaid assurance.

I was just advised in correspondence dated October 15, 2009 from Ian Stoll of Lovell, Stewart, Halebian, LLP that,- despite my client's losses of approximately $16,000,000.00,- Mr.

REGOSIN, EDWARDS, STONE & FEDER

Hon. Andrew J. Peck  
October 19, 2009

Page 2

Nordlicht is nonetheless currently itemized as scheduled to receive approximately $655,854.23 as his return under the current proposed Plan of Allocation,- less than 5% of his losses.

Further,- despite my request for information as to the underlying Expert Opinions upon which the proposed Plan was based,- or for information as to which of the many subdivisions thereof my client's losses were placed,- and why those allocations were made,- I have been unable to receive any information.

In response to my request,- Ian Stoll of Lovell, Stewart, Halebian, LLP confirmed to me in his letter dated October 16, 2009 that the **"Co-lead Counsel do not oppose your (my) appearing on behalf of Mark Nordlicht as an intervening party"** in the Action, and that my firm will then be able to receive some of the requested information (**"Confidential Materials"**) as the attorneys for Mark Nordlicht as an Intervenor once I then "execute the Protective Order."

I enclose herewith a copy of Ian Stoll's October 16, 2009 letter confirming the consent of the Plaintiffs' to Mark Nordlicht's Intervention, and I respectfully request that the Court authorize said appearance expeditiously so that I might have time to then "execute the Protective Order" and obtain the requested information and comment on it in Mark Nordlicht's behalf.

Respectfully submitted,

REGOSIN, EDWARDS, STONE & FEDER

By: _____  
Saul E. Feder, Esq.

SEF/rc  
Encl.  
cc: Geoffrey M. Horn, Esq. (Sent by Fax to: 914-997-0035)  
Bernard Persky, Esq. (Sent by Fax to: 212-818-0477)  
Christopher S. Lovell, Esq. (Sent by Fax to: 212-719-4677 and  
      by e-mail to: istoll@lshllp.com)  
Douglas G. Thompson, Esq. (Sent by Fax to: 202-337-8090)  
Steven R. Goldberg, Esq. (Sent by Fax to: 212-845-5102)  
Robert B. Wolinsky, Esq. (Sent by Fax to: 202-637-5910)

**MEMO ENDORSED** 10/20/09

[handwritten endorsement, illegible]

SO ORDERED:

Hon. Andrew Jay Peck  
United States Magistrate Judge

**BY ECF**

## LOVELL STEWART HALEBIAN LLP
ATTORNEYS AT LAW
61 BROADWAY, SUITE 501
NEW YORK, NEW YORK 10006
www.lshllp.com

TELEPHONE
(212) 608-1900

FACSIMILE
(212) 719-4775

October 16, 2009

*By Electronic Mail*
SFeder@resflaw.com

Saul E. Feder, Esq.
Regosin, Edwards, Stone & Feder
225 Broadway
New York, New York 10007

Re:   *In re Natural Gas Commodity Litigation*, 03 CV 6186 (VM)(AJP)

Dear Mr. Feder:

We are writing in response to your letter of today's date.

Please note that we provided you with the Affirmation of Dr. Craig Pirrong, dated October 6, 2009 ("Pirrong Affirmation"), by email on October 14 and 15. We are again attaching a copy of the Pirrong Affirmation, annexed to Plaintiffs' Motion for Preliminary Approval of the Plan of Distribution, dated October 13, 2009.

Our reading of the Stipulation and Protective Order ("Protective Order") is that confidential materials shall only be provided to specified persons. See Protective Order, ¶ 2. A copy of the Protective Order is attached.

Co-Lead Counsel do not oppose your appearing on behalf of Mark Nordlicht as an intervening party. If and when he becomes an intervenor, Mr. Nordlicht and his counsel could execute the Protective Order (as did, for *e.g.*, Steven Goldberg and his client).

Thank you.

Sincerely,

Ian T. Stoll