DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-29-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
IN RE: NATURAL GAS                      :    Master File No.
                                        :    03-CV-6186 (VM)(AJP)
COMMODITY LITIGATION                    :
------------------------------------------------------x
THIS DOCUMENT RELATES TO                :    Hon. Victor Marrero, USDJ
ALL ACTIONS                             :
------------------------------------------------------x

## ORDER ESTABLISHING PLAN OF ALLOCATION AND DIRECTING FURTHER PROCEDINGS

UPON the Final Judgments and Orders of Dismissal, entered by the Court on May 30, 2006 and June 28, 2007;

UPON this Court's Order, dated December 29, 2009, and the Notice of Proposed Plan of Allocation, Right to Object Thereto, and Hearing Thereon, dated January 12, 2010 ("Notice");

UPON Mark Nordlicht's Comments and Objections to Final Approval of Current Proposed Plan of Distribution, filed February 17, 2010; the Notice of Intention to be Heard on the Proposed Plan of Allocation by SCANA Corporation, filed February 23, 2010; the Bolling Intervenors' Notice of Intention to be Heard – Objections to Proposed Plan of Allocation, filed February 23, 2010; the Affidavit of Dominick Viola In Opposition To Final Approval Of The Preliminary Plan Of Allocation, filed February 24, 2010; the Notice of Objection To Plaintiffs' Proposed Plan Of Allocation of Settlement Proceeds Submitted by Class Claimant Robert E. Richert, dated February 24, 2010; Stephen Ardizzone Notice of Intention To Be Heard – Objections To Proposed Plan Of Allocation, dated February 24, 2010; the Affidavit of Carl A. Larry In Support Of The

Objection Of Dominick Viola To Class Counsel's Proposed Plan Of Allocation, filed March 22, 2010; the Affidavit of Richard Schaeffer In Opposition To Final Approval Of The Preliminary Plan Of Allocation, filed March 22, 2010; the Affidavit of Mark B. Fisher In Opposition to Final Approval Of The Preliminary Plan Of Allocation, filed March 22, 2010; the Affidavit of Dr. Terrence Martell In Opposition To Final Approval Of The Preliminary Plan Of Allocation, filed March 22, 2010;

UPON the submissions contained in Plaintiffs' Memorandum In Support of Their Motion for Final Approval of the Plan of Distribution, dated March 25, 2010, and the accompanying Affirmation of Dr. Craig Pirrong, dated March 25, 2010; the Affirmation of Dr. Craig Pirrong, dated October 6, 2009; the Reply Affirmation of Dr. Craig Pirrong, dated November 4, 2009; the Affidavit of Mark Dwyer, dated March 22, 2010; the Affidavit of Bernard Persky, Esq., sworn to March 25, 2010; and the Affidavit of Thomas A. Faucher, sworn to March 24, 2010;

UPON the hearing held by the Court on March 26, 2010; and

UPON all prior papers, orders and proceedings heretofore had herein;

IT IS HEREBY ORDERED as follows:

1.  The Plan of Allocation (annexed as Ex. A hereto)("Plan") is approved as fair and reasonable in all respects under Rule 23 of the Federal Rules of Civil Procedure ("FRCP"); subject to paragraphs 4-6 below.

2.  The method of notice and contents of the Notice to Class members who filed proofs of claim of the Plan are approved as fair, reasonable and in compliance with FRCP Rule 23.

3.  Any and all objections to the Plan are overruled in all respects, subject to

paragraphs 4-6 below.

4. Co-Lead Counsel shall meet promptly with the Objectors to consider adjustments to the allocations under the Plan of not more than an aggregate total of 10% of the net settlement proceeds to be distributed.

5. Co-Lead Counsel shall report to the Court on or before April 25, 2010, whether such adjustments to the Plan may consensually resolve all objections, avoid appeals, and permit a prompt distribution.

6. As part of that report, Co-Lead Counsel shall recommend further proceedings including, but not limited to, the submission of any proposed amendments to the Plan.

Dated: New York, New York
March 26, 2010

SO ORDERED

Honorable Victor Marrero
United States District Judge

SO ORDERED. The Clerk of Court is directed to withdraw any pending motions in this action and to close this case, subject to being reopened upon request. SO ORDERED. of Co-Lead Counsel, in accordance with the terms of the Order above.
4-26-10
Date                Victor Marrero, U.S.D.J.

3

# EXHIBIT A

## PLAN OF ALLOCATION

I.   Additive, Not Alternative Distribution
II.  Defined Terms
III. 2007 Judgment
IV.  2006 Judgment
V.   Guaranteed Minimum Payments

### I. Additive, Not Alternative Distribution

Promptly after the Settlement Administrator computes the entitlement of Eligible 2006 and 2007 Settlement Class Members to payments under the terms of this Plan of Allocation or any modified terms that are ordered by the Court, the 2006 and 2007 Net Settlement Funds shall be paid to Eligible Settlement Class Members in accordance with this Plan of Allocation or any Court ordered amendments of this Plan.

Amendments may be made to the Plan by the Court during or after the final approval hearing.

The different methods of payment listed below shall be additive, not alternative. Therefore, the total amount due to each Eligible Settlement Class Member shall be the sum of all the different entitlements for which that Settlement Class Member qualifies.

### II. DEFINED TERMS

**"2007 Judgment"**

> On June 15, 2007, the Court directed entry of the final judgment and order of dismissal approving settlements totaling $28,087,500 with the five remaining defendants[1] in the action. The Settlement Class was defined as:
>
>> All persons who purchased, sold, settled or otherwise traded NYMEX Natural Gas Contracts,[2] as an opening or

---

[1] The five remaining defendants were El Paso Marketing, L.P., Coral Energy Resources, L.P., American Electric Power Co. Inc. (and AEP Energy Services, Inc.), Aquila Energy Marketing Services Corp. (and Aquila Merchant Services, Inc.), and Dominion Resources, Inc.

1

closing transaction or otherwise, between June 1, 1999 and December 31, 2002, inclusive ("the Class Period"). Excluded from the Settlement Class are the defendants in the Action, their employees, any parents, subsidiaries, or affiliates of the defendants, any entity in which any of the defendants has or had a controlling interest during the Class Period, and the legal representatives, heirs, successors or assigns of any of the defendants.

**"2006 Judgment"**

On May 24, 2006, the Court directed entry of the final judgment and order of dismissal approving settlements totaling $72,762,500 with eighteen defendants[3] in the action. The Settlement Class is identical to the Settlement Class certified by the Court on June 15, 2007.

**"Eligible 2007 Class Member"** is a class member whose proof of claim was timely submitted to participate in the 2007 Judgment Settlement Class and whose documentation has been accepted by the Settlement Administrator as adequate to compute entitlement to a payment under the 2007 Judgment.[4]

---

[2] A "NYMEX Natural Gas Contract" means any commodity futures, basis, swap, or option (or any combination thereof) related to natural gas that was traded, transacted or settled on NYMEX during the Class Period.

[3] CMS Field Services (now known as Cantera Gas Company LLC), CMS Marketing Services & Trading Company (now known as CMS Energy Resource Management Company), Cook Inlet Energy Supply, LLC, Cinergy Marketing and Trading, L.P., Duke Energy Trading and Marketing, L.L.C., Dynegy Marketing and Trade, West Coast Power LLC, *e-prime*, inc., Enserco Energy, Inc., Entergy-Koch Trading, LP, MidAmerican Energy Company, Mieco, Inc., ONEOK, Inc., ONEOK Energy Services Company, L.P. (formerly ONEOK Energy & Marketing Company, L.P.), Reliant Energy Services, Inc., Sempra Energy Trading Corp., Western Gas Resources, Inc., WD Energy Services, Inc., Williams Power Company, Inc. (formerly Williams Energy Marketing & Trading Co., Inc.), and the Williams Companies, Inc.

[4] If a class member's proof of claim was determined timely submitted for the 2006 Judgment then it automatically was timely submitted for the 2007 Judgment.

2

"Eligible 2006 Settlement Class Member" is a class member whose proof of claim was timely submitted to participate in the 2006 Judgment Settlement Class and whose documentation has been accepted by the Settlement Administrator as adequate to compute entitlement to a payment under the 2006 Judgment.

"2006 Net Settlement Fund" is the amount remaining at the time of distribution from the 2006 Judgment amount, including all interest earned thereon, and after all approved expenses and deductions.

"2007 Net Settlement Fund" is the amount remaining at the time of distribution from the 2007 Judgment amount, including all interest earned thereon, and after all approved expenses and deductions.

III.   2007 Judgment

A.   **Distribution**. The 2007 Net Settlement Fund shall be distributed to Eligible 2007 Settlement Class Members as follows:

    1.   82.5% of the 2007 Net Settlement Fund shall be distributed on the basis of the futures contract net price artificiality paid by Eligible 2007 Class Members (the "Recognized Impact Claims"). See B-E below.

    2.   5% of the 2007 Net Settlement Fund shall be distributed on the basis of the Eligible 2007 Settlement Class Members' options transactions as follows: (a) 55% on the basis of net options losses during the first five trading days of each month, (b) 22.5% on the basis of net options losses during the entire class period, and (c) 22.5% on the

3

basis of net options volume during the first five trading days of each month. See D-E below.

 3. For Eligible 2007 Settlement Class Members who were unable to submit transaction data sufficient to be able to track all futures contract purchases and sales by date, 12.5% of the 2007 Net Settlement Fund shall be distributed according to their Net Futures Volume as defined in Section IV, below.

**B.** **Futures Contract Net Price Artificiality.** Each Eligible 2007 Settlement Class Member shall be paid an amount equal to 40% of the 2007 Net Settlement Fund multiplied by a fraction the numerator of which is such Eligible 2007 Settlement Class Member's Recognized Impact Claim and the denominator of which is the sum total of all Eligible 2007 Settlement Class Members' Recognized Impact Claims.

**C.** **Recognized Impact Claim.** Each Eligible 2007 Settlement Class Member's Recognized Impact Claim shall be determined by multiplying the daily amounts of artificiality by such Eligible 2007 Settlement Class Member's purchases and sales on that day and then summing and netting the total artificiality received on all days against the total artificiality paid on all days, as set forth in "1"- "2" below, Provided that, for those Eligible 2007 Settlement Class Members who are hedgers, their foregoing "net artificiality paid" total shall be multiplied by 40% and the resulting product shall be their Recognized Impact Claim and for those Eligible 2007 Settlement Class Members who are swaps dealers, their forgoing net artificiality paid total shall be multiplied by 7.5% and the resulting product shall be their Recognized Impact Claim.

 1. For purposes of the calculation of the net artificiality paid in the Recognized Impact claim in par. B above, the following shall apply.

4

        a.    **Positive Impact**. The absolute values of all negative artificiality purchased and all positive artificiality sold by each Eligible 2007 Settlement Class Member shall be added together without regard to their positive or negative signs. The sum total of these absolute values equals each 2007 Eligible Settlement Class Member's Positive Impact received from the 2007 Judgment Defendants' alleged manipulative conduct.

        b.    **Gross Injury**. Similarly, the absolute values of the positive artificiality purchased and the negative artificiality sold by each Eligible 2007 Settlement Class Member shall be added together without regard to their positive or negative signs. The sum total of these absolute values equals each 2007 Eligible Class Member's Gross Injury incurred from the 2007 Judgment Defendants' alleged manipulative conduct.

        c.    **Gross Injury Minus Positive Impact Equals Recognized Impact Claim**. Each Eligible 20007 Settlement Class Member's Positive Impact shall then be subtracted from his or her Gross Injury. If the remainder is positive, then this positive number is the Recognized Impact Claim (subject, in the instance of hedgers, to a 60% reduction and, in the instance of swaps dealers, to a 92.5% reduction, as described above). However, if the remainder is zero or a negative number, then such 2007 Eligible Class Member shall have a Recognized Impact Claim of zero.

    2.    The daily amounts of artificiality are provided at www.naturalgascase.com.

**D.**    32% of the 2007 Net Settlement Fund shall be distributed to persons who had a net loss on their futures contract transactions opened on or after June 1, 2000 and closed on or prior to March 31, 2001 ("Subject Transactions"). This distribution shall be paid

5

pro rata according to the Rescissory Loss on the Subject Transactions. As used herein, Rescissory Loss shall mean 100% of the net losses on the Subject Transactions of non-hedgers, 40% of the Subject Transaction Losses of hedgers, and 7.5% of the net losses of swaps dealer hedgers.

E.   10.5% of the 2007 Net Settlement Fund shall be distributed to Eligible 2007 Class Members who had net losses on all futures contract transactions liquidated during the Class Period. This distribution shall be made pro rata on the basis of Rescissory Loss on all such liquidations. As used herein, Rescissory Loss shall mean 100% of the net loss for all non-hedgers, 40% of the net loss for hedgers, and 7.5% of the net loss for swaps dealer hedgers.

F.   **Options**. The amount of the payment to each Eligible 2007 Settlement Class Member in respect of options shall be determined as follows. The total amount available for distribution to options claimants shall be calculated by multiplying the total amount of the 2007 Net Settlement Fund by 5% ("the 2007 Options Net Settlement Fund). The 2007 Options Net Settlement Fund shall then be paid to each options claimant by summing the following: (1) a portion of such fund by multiplying 55% of the fund by a fraction the numerator of which is the claimant's Net Options Losses during the first five trading days of each month and the denominator of which is the sum total of all Net Options Losses during the first five trading days of each month established by all Eligible 2007 Settlement Class Members, (2) a portion of such fund by multiplying 22.5% of the fund by a fraction the numerator of which is the claimant's Net Options Losses during the entire class period and the denominator of which is the sum total of all Net Options Losses during the entire class period established by all Eligible 2007 Settlement Class

Members, and (3) a portion of such fund by multiplying 22.5% of the fund by a fraction the numerator of which is the claimant's Net Options Volume during the first five days of each month and the denominator of which is the sum total of all Net Options Volume during the entire class period established by all Eligible 2007 Settlement Class Members.

1. "**Net Options Losses,**" as used above, shall be determined by the "cash-in/cash-out" accounting method. Cash paid for the purchase of an option shall be netted against cash received for the sale of that option during the first five trading days of each month during the Settlement Class Period, or during the entire class period, respectively. If the cash paid by an options claimant exceeds the cash received by that claimant then the claimant has a Net Option Loss for the first five days of each month or for the entire class period. For purposes of determining eligible Net Option Losses the following shall apply.

a. For commercial hedgers the eligible amount of Net Options Losses shall be 40% of the foregoing; for swaps dealers, the eligible amount shall be 7.5% of the foregoing, and for all other claimants the eligible amount of Net Options Losses shall be 100% of the overall Net Options Losses as determined above.

b. For purposes of determining the Net Options Loss for the first five days of each month or for the entire class period, by the cash-in and cash-out method, options that expire, or are assigned or exercised, shall be deemed to have no value. Where the option is converted to a futures contract through assignment or exercise, then the resulting gain/loss will be included in the calculation of gains/losses on futures contracts, provided the futures contract is closed out within the same five day period, or within the entire class period. Options that remain open at the end of the entire class period shall be

7

assigned their cash in or cash out value at the time they were opened, and no market value shall be assigned for such options as of the end of the class period.

2.  "**Net Options Volume**," as used above, shall be the sum total of all options positions traded during the first five days of each month, whether or not the position was traded long or short, or whether or not the position was closed within the five days.

### IV.  2006 Judgment

The 2006 Net Settlement Fund shall be distributed to Eligible 2006 Settlement Class Members on the following basis:

1.  95% of the 2006 Net Settlement Fund shall be distributed on the basis of the futures contract payments set forth in A below.

2.  5% of the 2006 Net Settlement Fund shall be distributed in connection with options as follows: (a) 55% on the basis of the Eligible 2006 Settlement Class Members' Net Options Losses during the first five trading days of each month, (b) 22.5% on the basis of the Eligible 2006 Settlement Class Members' Net Options Losses during the entire class period, and (c) 22.5% on the basis of the Eligible 2006 Settlement Class Members' Net Options Volume during the first five trading days of each month, all as determined in the same manner as under the Options provisions of the 2007 Settlement Fund.

    A.  **Futures Contract Transactions**

        1.  **Net Futures Losses**

a.  50% of the 2006 Net Settlement Fund shall be distributed on the basis of net losses in futures contracts ("Net Futures Losses") during the first five days of each

8

month during the Settlement Class Period, and 22.5% of the Net Settlement Fund shall be distributed on the basis of net losses in futures contracts ("Net Futures Losses") during the entire class period.

  b. Subject to "C" below, the amount paid to each Eligible 2006 Settlement Class Member under this "Net Futures Losses" part of the Plan of Allocation shall be the sum of the amounts determined as follows: (1) multiply 50% of the 2006 Net Settlement Fund by a fraction the numerator of which is that Eligible 2006 Settlement Class Member's Net Futures Losses over the first five days of each month and the denominator of which is the sum of all Eligible 2006 Settlement Class Members' Net Futures Losses over the first five days of each month, and (2) multiply 22.5% of the 2006 Net Settlement Fund by a fraction the numerator of which is that Eligible 2006 Settlement Class Member's Net Futures Losses over the entire class period and the denominator of which is the sum of all Eligible 2006 Settlement Class Members' Net Futures Losses over the entire class period.

  c. Net Futures Losses during the first five trading days of the month shall be computed as follows: The net result of all of claimant's futures transactions liquidated in the first five trading days of each month during the class period. For purposes of these calculations, the determination of the Settlement Administrator shall be final.

  d. Net Futures Losses during the entire Class Period shall be determined as the net result of all claimants' futures transactions liquidated during the Class Period.

  e. For those Eligible 2006 Settlement Class Members who are Hedgers, their foregoing Net Futures losses shall be multiplied by 40% and the resulting product shall

9

be their Net Futures Loss, and for those Eligible 2006 Settlement Class Members who are swap dealers, their Net Futures losses shall be multiplied by 7.5%.

        2.     **Net Futures Volume During The First Five Trading Days of Each Month During the Class Period**

        a.     22.5% of the 2006 Net Settlement Fund shall be paid to Eligible 2006 Settlement Class Members based upon their Net Volume of futures trades during the first five days of each month during the Settlement Class Period.

        b.     Subject to "C" below, the amount paid to each Eligible 2006 Settlement Class Member under this "Net Volume" part of the Plan of Allocation shall be determined as follows. Multiply 22.5% of the 2006 Net Settlement Fund by a fraction the numerator of which is that Eligible 2006 Settlement Class Member's "Net Volume" and the denominator of which is the sum of all Eligible 2006 Settlement Class Members' "Net Volume."

        c.     For purposes of this calculation, Net Volume during the first five trading days shall be computed by netting all buys executed during each first five day trading period against all sales executed during each first five trading period. For those claimants whose trading records did not contain sufficient data to determine whether the initial transaction for a reported position liquidation occurred during the first five trading days of the month, net volume is calculated as the sum of all futures transactions liquidated during the first five trading days of each month multiplied by .05. For purposes of these calculations, the determination of the Settlement Administrator shall be final.

        B.     Options

10

Subject to "C" below, the amount of the payment to each Eligible 2006 Settlement Class Member from the 5% of the 2006 Settlement Fund allocated to options shall be determined in precisely the same manner as under the 2007 Settlement Fund.

### C. Hedgers

For Hedgers, the eligible amounts of Net Futures Losses, Net Futures Volume and Net Options Losses and Net Options Volume shall be 40% and for swaps dealers the eligible amounts shall be 7.5% of the overall amounts as determined in Parts A and B, above.

### V. Guaranteed Minimum Payments

#### A.   2007 Net Settlement Fund

The above provisions for distribution notwithstanding, all Eligible 2007 Settlement Class Members shall be guaranteed to receive from the 2007 Net Settlement Fund a minimum payment of $500.00 or the actual amount of their total claimed and accepted futures or options losses, whichever is less.

#### B.   2006 Net Settlement Fund

The above provisions for distribution notwithstanding, all Eligible 2006 Settlement Class Members shall be guaranteed to receive from the 2006 Net Settlement Fund a minimum payment of $500.00.

### V.   Miscellaneous

Again, at or after the Final Approval Hearing, the Court may approve or modify the Proposed Plan without further notice to the Class.

11