DS SDNY
JCUMENT
"TRONICALLY F.
. ::
FILED: 6 -7-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE: NATURAL GAS                    :    Master File No.
COMMODITY LITIGATION                  :    03-CV-6186 (VM)(AJP)
-----------------------------------------------------x
THIS DOCUMENT RELATES TO              :    Hon. Victor Marrero, USDJ
ALL ACTIONS                           :
-----------------------------------------------------x

## ORDER ESTABLISHING MODIFIED PLAN OF ALLOCATION
## AND AWARDING PLAINTIFFS' COMPENSATION

UPON the Order Establishing Plan of Allocation and Directing Further Proceedings,

dated March 26, 2010;

UPON the Order, dated April 19, 2010;

UPON the submissions contained in Plaintiffs' Memorandum In Support Of Motion For

Final Approval of the Modified Plan Of Allocation and Awarding Plaintiffs' Compensation,

dated June 3, 2010, the Declaration of Geoffrey M. Horn, Esq., executed on June 3, 2010; and

UPON all prior papers, orders and proceedings heretofore had herein;

IT IS HEREBY ORDERED as follows:

1.      The Plan of Allocation, as modified (annexed as Ex. A hereto) ("Plan"), is

approved as fair and reasonable in all respects under Rule 23 of the Federal Rules of Civil

Procedure ("FRCP").

2.      Class Counsel are directed to prepare for payment the checks to all qualified

claimants promptly when this Order becomes final, and shall file a list of the qualified claimants

and the amount to be paid to each claimant within three business days after the day that this

Order becomes final.

3.      The named Plaintiffs Titan Energy Partners, L.P. (formerly Cornerstone Propane

Partners, L.P.), Roberto E. Calle Gracey and Dominick Viola are awarded reimbursement of expenses and compensation for their time in an aggregate amount of $105,000.

4.    This Court expressly determines, pursuant to FRCP Rule 54(b), that there is no reason for delay and hereby directs the Clerk to enter this as a final order pursuant to FRCP Rule 54(b).

Dated: New York, New York
June 7 , 2010

SO ORDERED.

Honorable Victor Marrero
United States District Judge

2

# EXHIBIT A

## MODIFIED PLAN OF ALLOCATION

I.     Additive, Not Alternative Distribution
II.    Defined Terms
III.   2007 Judgment
IV.    2006 Judgment
V.     Guaranteed Minimum Payments
VI.    Administrative Convenience Savings Payments
VII.   Miscellaneous

### I.     Additive, Not Alternative Distribution

Promptly after the Settlement Administrator computes the entitlement of Eligible

2006 and 2007 Settlement Class Members to payments under the terms of this Plan of

Allocation or any modified terms that are ordered by the Court, the 2006 and 2007 Net

Settlement Funds shall be paid to Eligible Settlement Class Members in accordance with

this Plan of Allocation or any Court ordered amendments of this Plan.

Amendments may be made to the Plan by the Court during or after the final

approval hearing.

The different methods of payment listed below shall be additive, not alternative.

Therefore, the total amount due to each Eligible Settlement Class Member shall be the

sum of all the different entitlements for which that Settlement Class Member qualifies.

### II.     DEFINED TERMS

#### "2007 Judgment"

On June 15, 2007, the Court directed entry of the final judgment and order of
dismissal approving settlements totaling $28,087,500 with the five remaining
defendants[1] in the action. The Settlement Class was defined as:

---

[1]     The five remaining defendants were El Paso Marketing, L.P., Coral Energy
Resources, L.P., American Electric Power Co. Inc. (and AEP Energy Services, Inc.),
Aquila Energy Marketing Services Corp. (and Aquila Merchant Services, Inc.), and
Dominion Resources, Inc.

1

> All persons who purchased, sold, settled or otherwise
> traded NYMEX Natural Gas Contracts,[2] as an opening or
> closing transaction or otherwise, between June 1, 1999 and
> December 31, 2002, inclusive ("the Class Period").
> Excluded from the Settlement Class are the defendants in
> the Action, their employees, any parents, subsidiaries, or
> affiliates of the defendants, any entity in which any of the
> defendants has or had a controlling interest during the Class
> Period, and the legal representatives, heirs, successors or
> assigns of any of the defendants.

**"2006 Judgment"**

On May 24, 2006, the Court directed entry of the final judgment and order of

dismissal approving settlements totaling $72,762,500 with eighteen defendants[3] in the

action.  The Settlement Class is identical to the Settlement Class certified by the Court on

June 15, 2007.

**"Eligible 2007 Class Member"** is a class member whose proof of claim was timely

submitted to participate in the 2007 Judgment Settlement Class and whose documentation

---

[2]     A "NYMEX Natural Gas Contract" means any commodity futures, basis, swap, or
option (or any combination thereof) related to natural gas that was traded, transacted or
settled on NYMEX during the Class Period.

[3]     CMS Field Services (now known as Cantera Gas Company LLC), CMS
Marketing Services & Trading Company (now known as CMS Energy Resource
Management Company), Cook Inlet Energy Supply, LLC, Cinergy Marketing and
Trading, L.P., Duke Energy Trading and Marketing, L.L.C., Dynegy Marketing and
Trade, West Coast Power LLC, *e-prime*, inc., Enserco Energy, Inc., Entergy-Koch
Trading, LP, MidAmerican Energy Company, Mieco, Inc., ONEOK, Inc., ONEOK
Energy Services Company, L.P. (formerly ONEOK Energy & Marketing Company,
L.P.), Reliant Energy Services, Inc., Sempra Energy Trading Corp., Western Gas
Resources, Inc., WD Energy Services, Inc., Williams Power Company, Inc. (formerly
Williams Energy Marketing & Trading Co., Inc.), and the Williams Companies, Inc.

2

has been accepted by the Settlement Administrator as adequate to compute entitlement to a payment under the 2007 Judgment.[4]

**"Eligible 2006 Settlement Class Member"** is a class member whose proof of claim was timely submitted to participate in the 2006 Judgment Settlement Class and whose documentation has been accepted by the Settlement Administrator as adequate to compute entitlement to a payment under the 2006 Judgment.

**"2006 Net Settlement Fund"** is the amount remaining at the time of distribution from the 2006 Judgment amount, including all interest earned thereon, and after all approved expenses and deductions.

**"2007 Net Settlement Fund"** is the amount remaining at the time of distribution from the 2007 Judgment amount, including all interest earned thereon, and after all approved expenses and deductions.

**III.     2007 Judgment**

**A.     Distribution.** The 2007 Net Settlement Fund shall be distributed to Eligible 2007 Settlement Class Members as follows:

1.     79.0% of the 2007 Net Settlement Fund shall be distributed to Eligible 2007 Class Members on the basis of their futures contract transactions. See B-E below.

2.     4.5% of the 2007 Net Settlement Fund shall be distributed on the basis of the Eligible 2007 Settlement Class Members' options transactions as follows: (a) 55% on

---

[4]     If a class member's proof of claim was determined timely submitted for the 2006 Judgment then it automatically was timely submitted for the 2007 Judgment.

the basis of net options losses during the first five trading days of each month during the

Class Period, (b) 22.5% on the basis of net options losses during the entire Class Period,

and (c) 22.5% on the basis of net options volume during the first five trading days of each

month during the Class Period. See F below.

3. For Eligible 2007 Settlement Class Members who were unable to submit

transaction data sufficient to be able to track all futures contract purchases and sales by

date, 13.5% of the 2007 Net Settlement Fund shall be distributed according to their Net

Futures Volume as defined in Section IV, below.

4. 3.0% of the 2007 Net Settlement Fund shall be paid on the basis of the

Eligible 2007 Settlement Class Members' total futures contract volume during the entire

Class Period (exclusive of day trading volume) with hedgers' volume multiplied by 39%

and swap dealers' volume multiplied by 2.5%.

**B.** **Futures Contract Net Price Artificiality.** Each Eligible 2007 Settlement Class

Member shall be paid an amount equal to 24% of the 2007 Net Settlement Fund

multiplied by a fraction, the numerator of which is such Eligible 2007 Settlement Class

Member's Recognized Impact Claim and the denominator of which is the sum total of all

Eligible 2007 Settlement Class Members' Recognized Impact Claims.

**C.** **Recognized Impact Claim.** Each Eligible 2007 Settlement Class Member's

Recognized Impact Claim shall be determined by multiplying the daily amounts of

artificiality by such Eligible 2007 Settlement Class Member's purchases and sales on that

day and then summing and netting the total artificiality received on all days against the

total artificiality paid on all days, as set forth in "1"- "2" below, provided that, for those

Eligible 2007 Settlement Class Members who are hedgers, their foregoing "net

4

artificiality paid" total shall be multiplied by 39% and the resulting product shall be their

Recognized Impact Claim and for those Eligible 2007 Settlement Class Members who are

swaps dealers, their foregoing net artificiality paid total shall be multiplied by 2.5% and

the resulting product shall be their Recognized Impact Claim.

1.      For purposes of the calculation of the net artificiality paid in the

Recognized Impact Claim in par. B above, the following shall apply.

     a.      **Positive Impact**. The absolute values of all negative artificiality

purchased and all positive artificiality sold by each Eligible 2007 Settlement Class

Member shall be added together without regard to their positive or negative signs. The

sum total of these absolute values equals each 2007 Eligible Settlement Class Member's

Positive Impact received from the 2007 Judgment Defendants' alleged manipulative

conduct.

     b.      **Gross Injury**. Similarly, the absolute values of the positive

artificiality purchased and the negative artificiality sold by each Eligible 2007 Settlement

Class Member shall be added together without regard to their positive or negative signs.

The sum total of these absolute values equals each 2007 Eligible Class Member's Gross

Injury incurred from the 2007 Judgment Defendants' alleged manipulative conduct.

     c.      **Gross Injury Minus Positive Impact Equals Recognized**

**Impact Claim**. Each Eligible 20007 Settlement Class Member's Positive Impact shall

then be subtracted from his or her Gross Injury. If the remainder is positive, then this

positive number is the Recognized Impact Claim (subject, in the instance of hedgers, to a

61% reduction and, in the instance of swaps dealers, to a 97.5% reduction, as described

5

above). However, if the remainder is zero or a negative number, then such 2007 Eligible Class Member shall have a Recognized Impact Claim of zero.

2.     The daily amounts of artificiality are provided at www.naturalgascase.com.

**D.**     1.     38.5% of the 2007 Net Settlement Fund shall be distributed to Eligible 2007 Settlement Class Members who had a net loss on their futures contract transactions opened on or after June 1, 2000 and closed on or prior to March 31, 2001 ("Subject Transactions"). This distribution shall be paid pro rata according to the Rescissory Loss on the Subject Transactions. As used herein, Rescissory Loss shall mean 100% of the net losses on the Subject Transactions of non-hedgers, 39% of the Subject Transaction Losses of hedgers, and 2.5% of the net losses of swaps dealer hedgers.

2.     5.1% of the 2007 Net Settlement Fund shall be distributed to Eligible 2007 Settlement Class Members, excluding hedgers and swap dealers, who liquidated futures positions during the first three trading days of December 2000 for a loss.

**E.**     11.4% of the 2007 Net Settlement Fund shall be distributed to Eligible 2007 Settlement Class Members who had net losses on all futures contract transactions liquidated during the Class Period. This distribution shall be made pro rata on the basis of Rescissory Loss on all such liquidations. As used herein, Rescissory Loss shall mean 100% of the net loss for all non-hedgers, 39% of the net loss for hedgers, and 2.5% of the net loss for swaps dealer hedgers.

**F.**     **Options**. The amount of the payment to each Eligible 2007 Settlement Class Member in respect of options shall be determined as follows. The total amount available for distribution to options claimants shall be calculated by multiplying the total amount of

6

the 2007 Net Settlement Fund by 4.5% ("the 2007 Options Net Settlement Fund). The 2007 Options Net Settlement Fund shall then be paid to each options claimant by summing the following: (1) a portion of such fund by multiplying 55% of the fund by a fraction the numerator of which is the claimant's Net Options Losses during the first five trading days of each month and the denominator of which is the sum total of all Net Options Losses during the first five trading days of each month established by all Eligible 2007 Settlement Class Members, (2) a portion of such fund by multiplying 22.5% of the fund by a fraction the numerator of which is the claimant's Net Options Losses during the entire class period and the denominator of which is the sum total of all Net Options Losses during the entire class period established by all Eligible 2007 Settlement Class Members, and (3) a portion of such fund by multiplying 22.5% of the fund by a fraction the numerator of which is the claimant's Net Options Volume during the first five days of each month and the denominator of which is the sum total of all Net Options Volume during the entire class period established by all Eligible 2007 Settlement Class Members.

1.    "**Net Options Losses**," as used above, shall be determined by the "cash-in/cash-out" accounting method.  Cash paid for the purchase of an option shall be netted against cash received for the sale of that option during the first five trading days of each month during the Settlement Class Period, or during the entire Class Period, respectively. If the cash paid by an options claimant exceeds the cash received by that claimant then the claimant has a Net Option Loss for the first five days of each month or for the entire class period. For purposes of determining eligible Net Option Losses the following shall apply.

7

a. For hedgers the eligible amount of Net Options Losses shall be 39% of the foregoing; for swaps dealers, the eligible amount shall be 2.5% of the foregoing; and for all other claimants the eligible amount of Net Options Losses shall be 100% of the overall Net Options Losses as determined above.

b. For purposes of determining the Net Options Loss for the first five days of each month or for the entire Class Period, by the cash-in/cash-out method, options that expire, or are assigned or exercised, shall be deemed to have no value. Where the option is converted to a futures contract through assignment or exercise, then the resulting gain/loss will be included in the calculation of gains/losses on futures contracts, provided the futures contract is closed out within the same five day period, or within the entire Class Period. Options that remain open at the end of the entire Class Period shall be assigned their cash in or cash out value at the time they were opened, and no market value shall be assigned for such options as of the end of the Class Period.

2. **"Net Options Volume,"** as used above, shall be the sum total of all options positions traded during the first five days of each month, whether or not the position was traded long or short, or whether or not the position was closed within the five days.

## IV. 2006 Judgment

The 2006 Net Settlement Fund shall be distributed to Eligible 2006 Settlement Class Members on the following basis:

1. 95.5% of the 2006 Net Settlement Fund shall be distributed on the basis of the futures contract payments set forth in A below.

8

2. 4.5% of the 2006 Net Settlement Fund shall be distributed in connection with options as follows: (a) 55% on the basis of the Eligible 2006 Settlement Class Members' Net Options Losses during the first five trading days of each month, (b) 22.5% on the basis of the Eligible 2006 Settlement Class Members' Net Options Losses during the entire class period, and (c) 22.5% on the basis of the Eligible 2006 Settlement Class Members' Net Options Volume during the first five trading days of each month, all as determined in the same manner as under the Options provisions of the 2007 Settlement Fund.

**A. Futures Contract Transactions**

**1. Net Futures Losses**

a. 44% of the 2006 Net Settlement Fund shall be distributed on the basis of net losses in futures contracts ("Net Futures Losses") during the first five days of each month during the Settlement Class Period, 25.4% of the 2006 Net Settlement Fund shall be distributed on the basis of net losses in futures contracts ("Net Futures Losses") during the entire class period, and 0.7% of the 2006 Net Settlement Fund shall be distributed on the basis of net losses in futures contracts ("Net Futures Losses") for transactions opened on or after June 1, 2000 and closed on or prior to March 31, 2001

b. Subject to "C" below, the amount paid to each Eligible 2006 Settlement Class Member under this "Net Futures Losses" part of the Plan of Allocation shall be the sum of the amounts determined as follows: (1) multiply 44% of the 2006 Net Settlement Fund by a fraction, the numerator of which is that Eligible 2006 Settlement Class Member's Net Futures Losses over the first five days of each month and the denominator of which is the sum of all Eligible 2006 Settlement Class Members' Net Futures Losses

over the first five days of each month,  (2) multiply 25.4% of the 2006 Net Settlement

Fund by a fraction, the numerator of which is that Eligible 2006 Settlement Class

Member's Net Futures Losses over the entire Class Period and the denominator of which

is the sum of all Eligible 2006 Settlement Class Members' Net Futures Losses over the

entire Class Period, and (3) multiply 0.7% of the 2006 Net Settlement Fund by a fraction

the numerator of which is that Eligible 2006 Settlement Class Member's Net Futures

Losses for transactions opened on or after June 1, 2000 and closed on or prior to March

31, 2001 and the denominator of which is the sum of all Eligible 2006 Settlement Class

Members' Net Futures Losses for transactions opened on or after June 1, 2000 and closed

on or prior to March 31, 2001.

        c.     Net Futures Losses during the first five trading days of the month shall be

computed as follows:  The net result of all of a claimant's futures transactions liquidated

in the first five trading days of each month during the Class Period.  For purposes of these

calculations, the determination of the Settlement Administrator shall be final.

        d.     Net Futures Losses during the entire Class Period shall be determined as

the net result of all claimants' futures transactions liquidated during the Class Period.

        e.     Net Futures Losses for transactions opened on or after June 1, 2000 and

closed on or prior to March 31, 2001 shall be determined as the net result of all

claimants' futures transactions opened on or after June 1, 2000 and closed on or prior to

March 31, 2001.

        f.     For those Eligible 2006 Settlement Class Members who are hedgers, their

foregoing Net Futures losses shall be multiplied by 39% and the resulting product shall

10

be their Net Futures Loss, and for those Eligible 2006 Settlement Class Members who are swap dealers, their Net Futures Losses shall be multiplied by 2.5%.

### 2. Net Futures Volume During The First Five Trading Days of Each Month During the Class Period

a.    25.4% of the 2006 Net Settlement Fund shall be paid to Eligible 2006 Settlement Class Members based upon their Net Volume of futures trades during the first five days of each month during the Settlement Class Period.

b.    Subject to "C" below, the amount paid to each Eligible 2006 Settlement Class Member under this "Net Volume" part of the Plan of Allocation shall be determined as follows. Multiply 25.4% of the 2006 Net Settlement Fund by a fraction the numerator of which is that Eligible 2006 Settlement Class Member's "Net Volume" and the denominator of which is the sum of all Eligible 2006 Settlement Class Members' "Net Volume."

c.    For purposes of this calculation, Net Volume during the first five trading days shall be computed by netting all buys executed during each first five day trading period against all sales executed during each first five trading period. For those claimants whose trading records did not contain sufficient data to determine whether the initial transaction for a reported position liquidation occurred during the first five trading days of the month, net volume is calculated as the sum of all futures transactions liquidated during the first five trading days of each month multiplied by .05. For purposes of these calculations, the determination of the Settlement Administrator shall be final.

### B. Options

11

Subject to "C" below, the amount of the payment to each Eligible 2006 Settlement Class Member from the 4.5% of the 2006 Settlement Fund allocated to options shall be determined in precisely the same manner as under the 2007 Settlement Fund.

## C.     Hedgers

For Hedgers, the eligible amounts of Net Futures Losses, Net Futures Volume and Net Options Losses and Net Options Volume shall be 39% and for swaps dealers the eligible amounts shall be 2.5% of the overall amounts as determined in Parts A and B, above.

## V. Guaranteed Minimum Payments

### A.     2007 Net Settlement Fund

The above provisions for distribution notwithstanding, all Eligible 2007 Settlement Class Members shall be guaranteed to receive from the 2007 Net Settlement Fund a minimum payment of $500.00 or the actual amount of their total claimed and accepted futures or options losses, whichever is less.

### B.     2006 Net Settlement Fund

The above provisions for distribution notwithstanding, all Eligible 2006 Settlement Class Members shall be guaranteed to receive from the 2006 Net Settlement Fund a minimum payment of $500.00.

## VI.     Administrative Convenience Savings Payments

An administrative convenience savings category shall be established in an amount equal to 0.56% of the combined 2006 and 2007 Net Settlement Funds. This category shall be distributed as follows: half to Eligible 2007 Settlement Class Members by

12

volume of transaction entries only where the Settlement Administrator required no
follow-up for documentation or discussion with a 2007 Claimant in order for the claim to
become final and half to non-hedge Eligible 2007 Settlement Class Members by volume
of option transaction entries only where the Settlement Administrator required no follow-
up for documentation or discussion with a 2007 Claimant in order for the claim to
become final. An Eligible 2007 Settlement Class Member may only participate in one of
the two halves of this administrative convenience category.

**VII.    Miscellaneous**

Again, at or after the Final Approval Hearing, the Court may approve or
modify the Proposed Plan without further notice to the Class.

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE NATURAL GAS COMMODITY LITIGATION | Master File No. 03 CV 6186 (VM) |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Hon. Victor Marrero, USDJ |

## DECLARATION OF GEOFFREY M. HORN

1.    I am a member of the firm of Lowey Dannenberg Cohen & Hart, P.C., Co-Lead

Counsel for the class in this case. I have personal knowledge of the facts set forth in this

Declaration, and if called as a witness, I could and would testify to them. I submit this

Declaration in support of Plaintiffs' Motion for Approval of the modified Plan of Allocation and

award of compensation to named Plaintiffs.

### A.    Modifications to the Plan of Allocation

2.    Co-Lead Counsel have made modifications to the Plan of Allocation conditionally

approved by the Court on March 26, 2010 as follows:

        a.     The payout in respect of futures net impact in the 2007 Judgment will be reduced from 40% to 24%.

        b.     The amount payable to options will be reduced from 5% to 4.5% in each settlement.

        c.     The amount payable to net losses in futures during the first five days in the 2006 Judgment will be reduced from 50% to 44%.

        d.     The amount of the swaps dealer hedging deduction will be increased from 92.5% to 97.5% in each settlement.

        e.     The amount of the standard hedging deduction will be increased from 60% to 61% in each settlement.

        f.     The amount paid to total net futures losses on the 2006 Judgment will be increased from 22.5% to 25.4%.

{1779 / DECL / 00102310.DOC v1}

g.     The amount paid to net futures volume during the first five days will be increased on the 2006 Judgment from 22.5% to 25.4%.

h.     The amount payable to total net futures losses on the 2007 Judgment will be increased from 10.5% to 11.4%.

i.     The amount paid in respect of 2007 Settlement Class Members who were unable to submit transaction data sufficient to be able to track all futures contract purchases and sales by date will be increased from 12.5% to 13.5%.

j.     The payments made in respect of net losses during the sub-period June 1, 2000 to March 31, 2001 will be increased from 32% to 38.5% in the 2007 Judgment.

k.     A new category will be created in which 0.7% of the 2006 Judgment will be paid in respect of net losses during the June 1, 2000 – March 31, 2001 sub-period.

l.     A new category for traders who liquidated positions during December 2000 will be created and 5.1% of the 2007 Judgment will be paid through this category to Eligible 2007 Settlement Class Members, excluding hedgers and swap dealers, who liquidated futures positions during the first three trading days of December 2000 for a net loss.

m.     A new category will be created consisting of total futures trading volume over the Class Period exclusive of day trading volume, and 3.0% of the 2007 Judgment will be paid to this category.

n.     A new category, an administrative convenience savings category, will be created in an amount equal to 0.56% of the combined 2006 and 2007 Net Settlement Funds.  This category shall be distributed as follows: half to Eligible 2007 Settlement Class Members by volume of transaction entries only where the Settlement Administrator required no follow-up for documentation or discussion with a 2007 Claimant in order for the claim to become final and half to non-hedge Eligible 2007 Settlement Class Members by volume of option transaction entries only where the Settlement Administrator required no follow-up for documentation or discussion with a 2007 Claimant in order for the claim to become final. An Eligible 2007 Settlement Class Member may only participate in one of the two halves of this administrative convenience category.

**B.    Impact of Modifications on Plan of Allocation**

3.     I consulted with the Settlement Administrator, Rust Consulting, to determine the net impact of the proposed modifications of Plan of Allocation.

4.     The proposed modifications, excluding the reductions to hedgers and swap dealers, result in a net impact equal to 9.81% of the original proposed allocation amounts for both the 2006 and 2007 Judgments. If the gross total reductions of all hedgers' and swap dealers' recoveries are also considered, the net impact is equal to 11.51% of the original proposed allocation amounts for both the 2006 and 2007 Judgments.

5.     Rust Consulting applied the revised hedger and swap dealer deductions after applying all of the other proposed modifications.

**C.    Compensation for Time and Reimbursement of Expenses of Named Plaintiffs**

6.     The named plaintiffs in this action are Plaintiffs Titan Energy Partners, L.P. (formerly Cornerstone Propane Partners, L.P.), Roberto E. Calle Gracey and Dominick Viola.

7.     Notice was given to the Class and no Class member timely objected to the payment to the three named Plaintiff class representatives for reimbursement of expenses and compensation for their time in an aggregate amount of $105,000. *See* Notice of Proposed Partial Settlement of Action and Hearing on Proposed Settlements, and Proof of Claim, dated March 20, 2006, at par. 26 and Notice of Proposed Plan of Allocation, Right to Object Thereto, and Hearing Thereon, dated January 12, 2010, at par. 57.

8.     At the Final Approval Hearing on March 26, 2010, Class Counsel indicated that Co-Lead Counsel would seek compensation for time and reimbursement of expenses to the named plaintiffs. Transcript of Final Approval Hearing on March 26, 2010, 16: 7-17.

9.      No one objected to the compensation for time and reimbursement of expenses to the named plaintiffs at the Final Approval Hearing on March 26, 2010 or thereafter.  No one has purported to make a tardy objection to the compensation and reimbursement to the named plaintiffs.

10.     Each of the named plaintiffs, including multiple representatives for the named plaintiff Titan, appeared for depositions; provided voluminous document discovery (*e.g.* plaintiff Titan produced hundreds of thousands of pages of documents and electronic e-mail and trading databases); have actively served as plaintiffs for several years since the inception of this action; have met with Co-Lead Counsel; and have taken other steps to represent the Class herein.

11.     Without the named plaintiffs in this action there would be no recovery for the Class.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration was executed this 3rd day of June, 2010, in White Plains, N.Y.

Geoffrey M. Horn